# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3096

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Bankhead

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 23, 2020
Filed: November 9, 2020
[Unpublished]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Calvin Bankhead pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 180 months in prison, later reduced to 96 months, and 3 years of supervised

_____

[1]The Honorable David S. Doty, United Sates District Judge for the District of Minnesota.

release. After release, the United States probation office alleged he violated a condition of his supervised release by failing to register as a sex offender. He contested the violation and moved for a jury trial. The district court denied the motion and revoked his release, sentencing him to 21 months in prison and no supervised release. He appeals the denial of his motion and the finding that he violated a condition of release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Bankhead maintains he was entitled to a jury trial to determine whether he violated a condition of his supervised release. Specifically, he contends that revocation under 18 U.S.C. § 3583(e)(3) is unconstitutional as applied to his case. This argument has no merit. Revocation under § 3583(e)(3) "is a sanction connected to the original offense, and the statute affords the district court wide discretion to determine whether to revoke supervision and what sentence to impose." *United States v. Eagle Chasing*, 965 F.3d 647, 650-51 (8th Cir. 2020) (holding that a district court's "revocation sentence under 18 U.S.C. § 3583(e)" does not violate a defendant's "constitutional rights to have a jury determine his guilt beyond a reasonable doubt"), *cert. denied*, 2020 WL 6037329 (U.S. Oct. 13, 2020).

Bankhead also contends the district court erred in finding he failed to register as a sex offender. He requests "reversal of his revocation and a remand to the district court to empanel a jury to answer the question whether Bankhead indeed committed a crime." This court finds no clear error in the district court's finding that Bankhead failed to register as a sex offender, and no abuse of discretion in its revocation of his supervised release.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____